VERNON C. GOINS II (CA SBN 195461)
vgoins@goinslawfirm.com
GOINS LAW FIRM, PC
1970 Broadway, Suite 450
Oakland, CA 94612
Telephone: (510) 663-3700
Facsimile: (510) 663-3710

Attorneys for Plaintiff
eCurrency Mint, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| eCurrency Mint, Inc., | No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | **DEMAND FOR JURY TRIAL** |
| MITCH COHEN, an individual; and DOES 1-25, inclusive, | |
| Defendants. | |

## INTRODUCTION

1.      This action arises from Defendant Mitch Cohen's systematic, months-long unauthorized access to eCurrency Mint, Inc.'s ("eCurrency") protected computer systems, misappropriation of confidential and proprietary business information, retention of company-issued equipment, and violations of federal and California law—all committed after Defendant resigned on April 18, 2024.

2.      During his employment, Defendant served as eCurrency's head of computer security and was entrusted with privileged access to the company's most sensitive systems, security infrastructure, authentication credentials, cloud resources, and confidential business

information. He was hired in March 2017 and departed more than seven years later, having acquired an intimate, insider's knowledge of eCurrency's technical environment.

3. Defendant resigned on April 18, 2024. Upon that resignation, Defendant's authorization to access any eCurrency system, repository, or resource ceased entirely.

4. Notwithstanding the resignation of his authorization, Defendant continued to access eCurrency's protected computer systems, corporate email, SharePoint repositories, Microsoft Teams environment, and other Microsoft 365 resources continuously from at least June 2024 through at least June 2025—a period of over thirteen months. eCurrency's audit logs document 7,603 discrete access events across 353 separate days during that period.

5. Those logs reveal that Defendant's unauthorized access was not incidental or passive. Defendant actively accessed and downloaded highly sensitive business documents, including executed commercial contracts with the Bank of Jamaica, proprietary security architecture files, confidential certificates, active sales pipeline data, product engineering specifications, and confidential partnership agreements with third parties. He also participated in Microsoft Teams meetings, conducted SharePoint searches, and in at least two instances permanently deleted company data.

6. As the former head of eCurrency's security operations, Defendant designed and administered the very systems he exploited. He knew precisely how eCurrency's access controls, authentication mechanisms, and audit logging worked—and he used that knowledge to sustain unauthorized access for over a year after his resignation.

7. Defendant also failed to return company-issued equipment, including a company computer, despite repeated written and oral demands.

8. Plaintiff seeks compensatory damages, exemplary damages, injunctive relief, attorneys' fees, costs, and all other relief permitted by law.

## JURISDICTION AND VENUE

9. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, including the Computer Fraud and Abuse

GOINS LAW FIRM, PC
1970 Broadway, Suite 450, Oakland, California 94612
Tel. (510) 663-3700; Fax (510) 663-3710

Act, 18 U.S.C. § 1030 ("CFAA"), and the Defend Trade Secrets Act, 18 U.S.C. § 1836 ("DTSA").

10.   This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because all claims arise from the same nucleus of operative facts.

11.   Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because: (a) a substantial part of the events and omissions giving rise to the claims occurred in this District; (b) Plaintiff's principal place of business is in this District; (c) Defendant worked in this District during his employment; and (d) the protected computer systems at issue were accessed from or through this District.

12.   This Court has personal jurisdiction over Defendant because Defendant resides in California and the conduct alleged herein was directed at Plaintiff in California.

## THE PARTIES

13.   Plaintiff eCurrency Mint, Inc. ("eCurrency" or "Plaintiff") is a Delaware corporation authorized to do business in California, with its principal place of business in Alameda County, California.

14.   Plaintiff is informed and believes, and on that basis alleges, that Defendant Mitch Cohen ("Defendant" or "Cohen") is an individual residing in the State of California.

15.   Plaintiff is unaware of the true names and capacities of Defendants sued herein as DOES 1 through 25, inclusive, and therefore sues them by fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes that each DOE Defendant is in some manner responsible for the wrongful conduct alleged herein.

16.   Plaintiff is informed and believes, and on that basis alleges, that at all relevant times each Defendant acted individually and in concert with the others, and that each Defendant was the agent, servant, employee, co-conspirator, alter ego, partner, and/or joint venturer of the remaining Defendants, acting within the course and scope of that relationship.

///

///

GOINS LAW FIRM, PC
1970 Broadway, Suite 450, Oakland, California 94612
Tel. (510) 663-3700; Fax (510) 663-3710

# GENERAL ALLEGATIONS

## *eCurrency's Business and Protected Systems*

17.    eCurrency develops and maintains proprietary financial technology, including software systems, security architecture, deployment infrastructure, authentication systems, cloud resources, and commercially valuable nonpublic information used in interstate and foreign commerce.

18.    eCurrency's protected computer systems include, without limitation: Microsoft 365 cloud infrastructure (including Exchange Online, SharePoint Online, and Microsoft Teams), internal code repositories, remote access and VPN systems, authentication and identity management services (including Azure Active Directory), administrative systems, development environments, and communications platforms—all connected to interstate and foreign commerce within the meaning of 18 U.S.C. § 1030(e)(2)(B).

19.    eCurrency takes reasonable measures to protect its confidential and proprietary information and trade secrets, including:

- Requiring employees to execute confidentiality, nondisclosure, and acceptable-use agreements prior to receiving system access;
- Restricting access to confidential systems and information on a need-to-know basis;
- Implementing multi-factor authentication, role-based access controls, credential management protocols, and Azure Active Directory access policies;
- Maintaining audit logging of all user access events across its Microsoft 365 environment, including Exchange, SharePoint, Teams, and Azure Active Directory;
- Maintaining written security, confidentiality, and acceptable-use policies; and
- Requiring all departing employees to return company property and immediately cease all system access upon separation.

///

///

GOINS LAW FIRM, PC
1970 Broadway, Suite 450, Oakland, California 94612
Tel. (510) 663-3700; Fax (510) 663-3710

***Defendant's Employment and Access Privileges***

20.    eCurrency initially engaged Defendant as a consultant to assist in securing the company's computer systems and infrastructure. At Defendant's request, eCurrency subsequently hired him as a full-time employee in March 2017 and eventually designated him head of computer security—a senior leadership position.

21.    By virtue of his role, Defendant was granted elevated, privileged access to eCurrency's most sensitive systems, including security architecture and configurations, authentication infrastructure and credentials, Microsoft 365 administration, internal repositories, deployment environments, and the certificates and keys underlying them. As the head of security, Defendant himself administered and configured many of the systems he would later access without authorization.

22.    Defendant participated in eCurrency's leadership decisions and strategic operations during his seven-plus year tenure and was privy to confidential business information not available to general employees, including active commercial contracts, financial projections, competitive sales pipeline data, partnership agreements, and product roadmaps.

23.    As a condition of employment and continued access, Defendant executed agreements governing confidentiality, security obligations, acceptable use of company systems, and the return of company property upon separation, including one or more nondisclosure agreements ("NDAs") and company security policies (collectively, the "Agreements").

24.    Defendant understood eCurrency's off-boarding procedures and knew that departing employees were required to return all company property and immediately cease all access to company systems upon separation. As head of security, he was responsible for enforcing those very procedures with respect to other departing employees.

***Defendant Resigns from the Company***

25.    Defendant resigned from eCurrency on April 18, 2024.

26.    Upon the resignation of his employment, Defendant's authorization to access any eCurrency protected computer system, cloud infrastructure, repository, credential set, Microsoft 365 resource, or internal resource ceased entirely and without exception.

27.     Following his resignation, Defendant failed to return company-issued equipment, including at minimum a company computer and related property. eCurrency made repeated written and oral demands for the return of company property, all of which Defendant ignored.

***Defendant's Unauthorized Post-Resignation Access — Overview***

28.     eCurrency's audit logging systems captured Defendant's account activity across the Microsoft 365 environment. A forensic review of those audit logs covering the period from April 19, 2024 through June 12, 2025 reveals 7,603 discrete access events attributable to Defendant's account (mitch.c@ecurrency.net) across 353 separate days—an average of nearly daily unauthorized access for over thirteen months following his resignation.

29.     The audit logs document unauthorized access to multiple systems within eCurrency's Microsoft 365 environment, including Exchange Online (corporate email), SharePoint Online (document repositories), Microsoft Teams (internal communications platform), and Azure Active Directory (authentication infrastructure). The access events span the following operation types:

- 2,468 instances of MailItemsAccessed (access to corporate email messages);
- 4,283 Update operations (modifications to Exchange and other resources);
- 123 FileAccessed events (access to SharePoint-hosted documents);
- 25 FilePreviewed events (preview of SharePoint-hosted documents);
- 6 FileDownloaded events (download of SharePoint-hosted documents);
- 119 Microsoft Teams access events (including session starts, meeting details, and meeting participant records);
- 22 AttachmentAccess events (access to email attachments);
- 505 UserLoginFailed events (failed authentication attempts); and
- 2 HardDelete events (permanent deletion of company data).

30.     Plaintiff is informed and believes, and on that basis alleges, that Defendant used retained credentials, authentication tokens, devices, saved session cookies, or other means—derived from his privileged position as former head of security—to sustain unauthorized access to eCurrency's systems for over thirteen months following his resignation.

COMPLAINT FOR DAMAGES
*eCurrency Mint, Inc. V. Cohen et al.*
USDC – NDCA Case No TBD

**GOINS LAW FIRM, PC**
1970 Broadway, Suite 450, Oakland, California 94612
Tel. (510) 663-3700; Fax (510) 663-3710

31.     Defendant knew he lacked any authorization to access eCurrency's systems following his resignation. He also designed, configured, and administered the very access controls, credential systems, and audit logging infrastructure that recorded his activity. His sustained, months-long unauthorized access was deliberate.

***Specific Categories of Unauthorized Access and Data Accessed***

32.     The audit logs reveal that beginning no later than June 11, 2024—approximately eight weeks after Defendant's resignation—Defendant was accessing eCurrency's corporate email system (Exchange Online) under account mitch.c@ecurrency.net, accessing mail items and email attachments on at least 31 separate days during the June–July 2024 period alone.

33.     Defendant's unauthorized access to Exchange Online continued uninterrupted throughout the period covered by the audit logs, through at least June 11, 2025.

34.     Beginning in December 2024, Defendant expanded his unauthorized access to additional systems within eCurrency's Microsoft 365 environment. The audit logs document that Defendant began accessing Microsoft Teams beginning December 14, 2024, including participation in meeting sessions and access to meeting records. Defendant also began accessing SharePoint Online beginning December 16, 2024.

35.     On December 30, 2024, Defendant successfully authenticated into eCurrency's systems through Azure Active Directory (UserLoggedIn event), confirming active, authenticated access to eCurrency's protected infrastructure months after his resignation.

36.     The audit logs document that Defendant accessed or downloaded the following specific categories of confidential and proprietary documents from eCurrency's SharePoint environment, among others:

- Security/Certificates/Cert_Map.xlsx — eCurrency's internal certificate mapping file, which documents security certificates and authentication configurations used across eCurrency's infrastructure. Defendant accessed this file on multiple occasions between December 2024 and March 2025.
- Executed commercial contracts with the Bank of Jamaica, including: the Agreement for Technical Support and Consultancy Services (March 2022

GOINS LAW FIRM, PC
1970 Broadway, Suite 450, Oakland, California 94612
Tel. (510) 663-3700; Fax (510) 663-3710

GOINS LAW FIRM, PC
1970 Broadway, Suite 450, Oakland, California 94612
Tel. (510) 663-3700; Fax (510) 663-3710

execution version), the Addendum thereto (June 2022), the BoJ Commercial Contract National Rollout (final execution version), and the CBDC Interim Contract. Defendant downloaded all four of these executed agreements on January 13, 2025.

- Technology/Shared Documents/Engineering/Detailed Designs/DR_Discussion.pptx — internal engineering design documentation.

- Shared Documents/Product Documentation Official/B-14-eCurrency Principles And Operation v4.4.2.docx and A-06-ECD-DataCenterRequirements v2.4.docx — official product documentation and data center specifications.

- Markets/Shared Documents/eCurrency CB Pipeline/eCurrency New Sales & Engagement Funnel.xlsx — active sales pipeline and customer engagement data, accessed on multiple occasions.

- Markets/Shared Documents/Madagascar/BFM RFP CBDC response/ — confidential RFP submission materials and financial proposals for a live central bank digital currency project, accessed on multiple occasions.

- Markets/Shared Documents/Madagascar/Partners/PayLogic/Teaming Agreement - eCurrency_Prime_PayLogic Subco.docx — a confidential third-party partnership agreement.

- Markets/Shared Documents/UAE/RFP submission/CBUAE eCurrency budget 20220802.xlsx — confidential budget and pricing data submitted to the Central Bank of the UAE.

- Markets/Shared Documents/Jamaica/Development National Rollout/DR Pricing Thoughts.xlsx — confidential pricing strategy documents.

- eCurrency stock slides and investor presentation materials.

37.     In addition to file access and downloads, Defendant performed a SearchQueryPerformed operation within SharePoint on January 19, 2025, actively searching eCurrency's document environment after his resignation.

38.    On at least two occasions—September 9, 2024 and January 29, 2025—Defendant's account performed HardDelete operations within eCurrency's Exchange environment, permanently deleting company data.

39.    Defendant's unauthorized access continued into 2025. The audit logs document Teams session starts as recently as March 2025, SharePoint file access through at least March 31, 2025, and login attempts through at least June 4, 2025.

***The February 2025 Brute-Force Attack***

40.    On or about February 2, 2025, the audit logs document a sudden surge of 493 UserLoginFailed events against Defendant's account (mitch.c@ecurrency.net) in a single day, originating from dozens of distinct IP addresses spanning multiple countries. The error codes returned include "IdsLocked," indicating that eCurrency's systems locked the account in response to the volume of failed authentication attempts.

41.    Plaintiff is informed and believes, and on that basis alleges, that this activity reflects a coordinated brute-force or credential-stuffing attack targeting Defendant's eCurrency account, suggesting that third parties—potentially including DOE Defendants—were attempting to gain access to eCurrency's systems using Defendant's credentials, and that Defendant's credentials remained active and exploitable at that time.

***eCurrency's Losses and Damages***

42.    As a direct and proximate result of Defendant's conduct, eCurrency incurred substantial losses, including without limitation:

- Forensic investigation and expert expenses incurred in reviewing and analyzing more than 7,600 audit log entries across four log periods;
- Incident response costs and internal labor dedicated to investigating and responding to the unauthorized access;
- Credential remediation, access revocation, and security re-architecture necessitated by the sustained breach;
- System monitoring, log review, and ongoing surveillance costs;

GOINS LAW FIRM, PC
1970 Broadway, Suite 450, Oakland, California 94612
Tel. (510) 663-3700; Fax (510) 663-3710

- Operational disruption and diminished security posture resulting from sustained unauthorized insider access; and

- Legal and consulting expenses incurred in responding to the unauthorized access and preparing this action.

43. eCurrency's losses arising from Defendant's conduct exceed $5,000 during any single one-year period, satisfying the jurisdictional threshold of 18 U.S.C. § 1030(c)(4)(A)(i)(I).

44. Defendant's conduct was intentional, willful, malicious, and oppressive, and was carried out with conscious disregard for eCurrency's rights and with full knowledge that his authorization had been revoked upon the resignation of his employment.

45. As the former head of eCurrency's security operations, Defendant possessed specialized knowledge of eCurrency's system logging, forensic traceability, access control architecture, authentication mechanisms, and credential infrastructure. He knew or should have known that his unauthorized access would require substantial investigation, remediation, and legal response. He proceeded regardless.

**Related Litigation and Preservation**

46. Prior to this action, Defendant filed litigation against eCurrency relating to alleged investment interests in the company. That matter was resolved before arbitration commenced. Defendant has also initiated separate employment-related litigation against eCurrency.

47. Following Defendant's resignation, eCurrency successfully completed development of its product using substantially the same personnel and resources available during Defendant's employment.

48. eCurrency issued litigation hold directives and undertook preservation efforts with respect to system audit logs, authentication records, devices, repositories, communications, and related electronically stored information. Plaintiff is informed and believes, and on that basis alleges, that Defendant failed to preserve relevant evidence relating to his unauthorized access, including the company-issued computer he retained.

GOINS LAW FIRM, PC
1970 Broadway, Suite 450, Oakland, California 94612
Tel. (510) 663-3700; Fax (510) 663-3710

49.     Plaintiff incorporates the foregoing allegations into each count below as though fully set forth therein.

### COUNT 1 - COMPUTER FRAUD AND ABUSE ACT
(18 U.S.C. § 1030)
(Against All Defendants)

50.     Plaintiff incorporates by reference each and every allegation set forth above.

51.     eCurrency's computer systems, Microsoft 365 cloud infrastructure, Exchange Online, SharePoint Online, Teams environment, and Azure Active Directory constitute "protected computers" within the meaning of 18 U.S.C. § 1030(e)(2) because they are used in or affect interstate and foreign commerce and communications.

52.     Following the resignation of his employment on April 18, 2024—and the immediate, automatic revocation of all access privileges—Defendant intentionally accessed eCurrency's protected computers without authorization and/or exceeded any authorization previously granted, in violation of 18 U.S.C. § 1030(a)(2). The audit logs document 7,603 such access events across 353 days spanning June 2024 through June 2025.

53.     Defendant knowingly obtained information from eCurrency's protected computers without authorization, including confidential contracts, security architecture files, engineering documentation, sales pipeline data, and other proprietary business information, in violation of 18 U.S.C. § 1030(a)(2).

54.     Defendant knowingly and with intent to defraud accessed eCurrency's protected computers and thereby obtained things of value—including confidential business information, active commercial contracts, trade secrets, and security credentials—in violation of 18 U.S.C. § 1030(a)(4).

55.     Defendant knowingly caused the transmission of commands, credentials, authentication tokens, and requests to eCurrency's protected computers and, as a result, intentionally caused damage including the permanent deletion of company data on at least two occasions, in violation of 18 U.S.C. § 1030(a)(5).

GOINS LAW FIRM, PC
1970 Broadway, Suite 450, Oakland, California 94612
Tel. (510) 663-3700; Fax (510) 663-3710

56. As a direct and proximate result of Defendant's violations, eCurrency suffered losses aggregating well in excess of $5,000 in value during any one-year period, satisfying 18 U.S.C. § 1030(c)(4)(A)(i)(I).

57. eCurrency is entitled to compensatory damages, injunctive relief, and all other available relief pursuant to 18 U.S.C. § 1030(g).

**COUNT 2 - DEFEND TRADE SECRETS ACT**
(18 U.S.C. § 1836)
(Against All Defendants)

58. Plaintiff incorporates by reference each and every allegation set forth above.

59. eCurrency owns and possesses trade secrets within the meaning of 18 U.S.C. § 1839(3), including without limitation: security architecture and certificate configurations (including the Cert_Map.xlsx file); authentication systems and credentials; proprietary product documentation (including engineering design documents and data center specifications); active commercial contracts and contract terms with central bank clients; confidential sales pipeline and business development data; RFP submissions and financial proposals for live central bank digital currency projects; confidential partnership and teaming agreements; and pricing and budget strategy documents—all of which relate to products or services used in, or intended for use in, interstate or foreign commerce.

60. eCurrency derives substantial independent economic value from the secrecy of its trade secrets. This information is not generally known to, or readily ascertainable by proper means by, persons who could obtain economic value from its disclosure or use.

61. eCurrency took reasonable measures under the circumstances to maintain the secrecy of its trade secrets, including the access controls, authentication policies, and audit logging systems described above.

62. Plaintiff is informed and believes, and on that basis alleges, that Defendant misappropriated eCurrency's trade secrets within the meaning of 18 U.S.C. § 1839(5) by accessing, downloading, retaining, using, and/or disclosing them without authorization— specifically, by using retained credentials to access eCurrency's protected systems and

**GOINS LAW FIRM, PC**
1970 Broadway, Suite 450, Oakland, California 94612
Tel. (510) 663-3700; Fax (510) 663-3710

download confidential files including executed contracts, security infrastructure maps, engineering documentation, sales pipeline data, and confidential partnership agreements.

63.    Defendant knew or had reason to know that the information he accessed and obtained constituted trade secrets belonging to eCurrency and that his acquisition and use was unauthorized and improper.

64.    Defendant's misappropriation has caused, and unless enjoined will continue to cause, irreparable harm to eCurrency for which there is no adequate remedy at law.

65.    Defendant's conduct was willful and malicious, entitling eCurrency to exemplary damages up to twice the compensatory award, and to attorneys' fees, pursuant to 18 U.S.C. § 1836(b)(3)(C)-(D).

## COUNT 3 - MISAPPROPRIATION OF TRADE SECRETS
(California Uniform Trade Secrets Act, Cal. Civ. Code § 3426 et seq.)
**(Against All Defendants)**

66.    Plaintiff incorporates by reference each and every allegation set forth above.

67.    eCurrency owns trade secrets as defined by California Civil Code section 3426.1(d), including the categories of information identified in the General Allegations above.

68.    Defendant misappropriated eCurrency's trade secrets within the meaning of California Civil Code section 3426.1(b) by acquiring them through improper means—specifically, unauthorized post-resignation access to eCurrency's protected systems—and by using, retaining, and/or disclosing them without eCurrency's consent.

69.    Defendant's misappropriation has caused and continues to cause actual damages to eCurrency in an amount to be proven at trial. eCurrency is also entitled to recover unjust enrichment caused by Defendant's misappropriation not addressed by the damages award.

70.    Defendant's misappropriation was willful and malicious, entitling eCurrency to exemplary damages and attorneys' fees pursuant to California Civil Code sections 3426.3 and 3426.4.

71.    eCurrency is entitled to injunctive relief pursuant to California Civil Code section 3426.2 to prevent actual and threatened misappropriation.

GOINS LAW FIRM, PC
1970 Broadway, Suite 450, Oakland, California 94612
Tel. (510) 663-3700; Fax (510) 663-3710

GOINS LAW FIRM, PC
1970 Broadway, Suite 450, Oakland, California 94612
Tel. (510) 663-3700; Fax (510) 663-3710

## COUNT 4 - VIOLATION OF CALIFORNIA PENAL CODE § 502
### (Against All Defendants)

72.     Plaintiff incorporates by reference each and every allegation set forth above.

73.     California Penal Code section 502 prohibits knowingly accessing and using, without permission, a computer, computer system, computer network, or computer data belonging to another.

74.     Defendant knowingly and without permission accessed eCurrency's computer systems, Microsoft 365 cloud environment, computer network, and computer data—including Exchange Online, SharePoint Online, and Microsoft Teams—following the resignation of his employment and revocation of his access privileges.

75.     Defendant knowingly took, copied, used, accessed, and downloaded eCurrency's computer data without permission, and on at least two occasions permanently deleted company data through unauthorized HardDelete operations.

76.     As a direct and proximate result of Defendant's violations, eCurrency suffered damages and losses in an amount to be proven at trial.

77.     eCurrency is entitled to compensatory and exemplary damages, injunctive relief, and attorneys' fees pursuant to California Penal Code sections 502(e)(1) and 502(e)(2).

## COUNT 5 - BREACH OF CONTRACT
### (Against Defendant Cohen)

78.     Plaintiff incorporates by reference each and every allegation set forth above.

79.     Defendant entered into valid and enforceable agreements with eCurrency, including without limitation the NDAs and security policies described in the General Allegations (the "Agreements"). The Agreements are supported by adequate consideration.

80.     eCurrency performed all conditions, covenants, and promises required on its part under the Agreements, or was excused from performance.

81.     Defendant breached the Agreements by, among other things:

- Accessing and continuing to access eCurrency's computer systems, cloud infrastructure, email, SharePoint, and Teams environment without authorization for over thirteen months following the resignation of his employment;

- Accessing, downloading, and retaining eCurrency's confidential and proprietary information and trade secrets after his resignation;

- Permanently deleting company data without authorization on at least two occasions;

- Failing and refusing to return company-issued equipment and property despite repeated demand; and

- Violating the confidentiality and nondisclosure obligations in the Agreements.

82. As a direct and proximate result of Defendant's breaches, eCurrency suffered damages in an amount to be proven at trial.

### COUNT 6 - CONVERSION
(Against Defendant Cohen)

83. Plaintiff incorporates by reference each and every allegation set forth above.

84. eCurrency owned and had the right to possession of the company-issued equipment provided to Defendant during his employment, including without limitation a company computer and related peripherals.

85. Following his resignation, Defendant wrongfully retained and exercised dominion and control over eCurrency's property inconsistent with eCurrency's ownership rights.

86. eCurrency made repeated written and oral demands that Defendant return its property. Defendant failed and refused to comply.

87. As a direct and proximate result of Defendant's conversion, eCurrency suffered damages in an amount to be proven at trial.

///

///

///

GOINS LAW FIRM, PC
1970 Broadway, Suite 450, Oakland, California 94612
Tel. (510) 663-3700; Fax (510) 663-3710

## COUNT 7 - DECLARATORY AND INJUNCTIVE RELIEF
(Against All Defendants)

88.    Plaintiff incorporates by reference each and every allegation set forth above.

89.    An actual and justiciable controversy exists between eCurrency and Defendant concerning: (a) Defendant's unauthorized access to eCurrency's protected computer systems and infrastructure; (b) Defendant's ongoing possession and potential continued use or disclosure of eCurrency's confidential and proprietary information; and (c) Defendant's possession of eCurrency's company property.

90.    eCurrency contends that Defendant lacks any authorization to access its systems, repositories, credentials, or infrastructure; remains bound by the confidentiality and nondisclosure obligations in the Agreements; and is required to immediately return all company property and cease any use or disclosure of eCurrency's confidential information and trade secrets.

91.    eCurrency has no adequate remedy at law. Given that Defendant accessed eCurrency's systems on 353 separate days over thirteen months, downloading executed contracts, security files, sales pipeline data, and engineering documentation, the risk of continued harm from Defendant's possession and potential use or disclosure of this information is substantial and ongoing.

92.    eCurrency seeks a declaration confirming the foregoing, and preliminary and permanent injunctive relief: (a) prohibiting Defendant from accessing any eCurrency system, infrastructure, or resource; (b) requiring Defendant to immediately return or certify the destruction of all eCurrency confidential information, trade secrets, and company property in his possession; (c) requiring Defendant to preserve all relevant evidence; and (d) prohibiting Defendant from using or disclosing eCurrency's confidential information, proprietary data, or trade secrets.

///

///

///

GOINS LAW FIRM, PC
1970 Broadway, Suite 450, Oakland, California 94612
Tel. (510) 663-3700; Fax (510) 663-3710

## COUNT 8 - TRESPASS TO CHATTELS
(Against All Defendants)

93.    Plaintiff incorporates by reference each and every allegation set forth above.

94.    eCurrency has possessory and ownership interests in its computer systems, devices, cloud infrastructure, Microsoft 365 environment, repositories, and related electronic infrastructure.

95.    Defendant intentionally interfered with eCurrency's possessory interests in those systems by accessing them without authorization on 7,603 occasions across 353 days, transmitting unauthorized authentication requests and commands, downloading confidential files, and permanently deleting company data on at least two occasions.

96.    Defendant's interference impaired the condition, quality, and value of eCurrency's systems and caused eCurrency to expend substantial resources investigating and remediating over a year of unauthorized access.

97.    As a direct and proximate result of Defendant's trespass to chattels, eCurrency suffered damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff eCurrency Mint, Inc. respectfully prays for judgment against Defendants as follows:

1.    For compensatory damages in an amount to be proven at trial;

2.    For consequential and incidental damages in an amount to be proven at trial;

3.    For restitution and disgorgement of any benefit obtained by Defendant through his unlawful conduct;

4.    For preliminary and permanent injunctive relief prohibiting Defendant from accessing any eCurrency system or resource, requiring immediate return or certified destruction of all eCurrency confidential information and company property in Defendant's possession, and prohibiting any further use or disclosure of eCurrency's trade secrets and proprietary information;

5.    For exemplary and punitive damages where authorized by law, including under the DTSA, CUTSA, and California Penal Code § 502;

6.    For statutory damages and other statutory relief available under applicable law;

7.    For an award of attorneys' fees and costs as authorized by statute and contract;

8.    For prejudgment and post-judgment interest at the maximum rate permitted by law; and

9.    For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff eCurrency Mint, Inc. hereby demands a trial by jury on all issues and claims so triable.

Dated: June 12, 2026                    GOINS LAW FIRM, PC


/s/ Vernon C. Goins
VERNON C. GOINS II
Attorneys for Plaintiff
eCurrency Mint, Inc.

GOINS LAW FIRM, PC
1970 Broadway, Suite 450, Oakland, California 94612
Tel. (510) 663-3700; Fax (510) 663-3710