ANTHONY J. SPERBER, Bar No. 197962
ARTHUR J. OBOLSKY, Bar No. 265747
LAW OFFICE OF ANTHONY J. SPERBER
1808 Sixth Street, Berkeley, CA 94710
Tel: 510.845.8844
Fax: 510.845.1998
anthony@sperberlaw.com
aobolsky@obolskylaw.com

Attorneys for Defendant MITCH COHEN

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ECURRENCY MINT, INC.,<br><br>Plaintiff,<br>v.<br><br>MITCH COHEN, an individual; and DOES 1-25, inclusive,<br><br>Defendants. | Case No. 3:26-cv-05887-LJC<br><br>**ANSWER OF DEFENDANT MITCH COHEN TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Action Filed: June 16, 2026<br>Trial Date: None |

Defendant Mitch Cohen ("Defendant") answers Plaintiff ECURRENCY MINT, INC.'S unverified complaint on file herein as follows:

1. In response to Paragraph 1, Defendant is without sufficient information to admit or deny the allegations contained therein.

2. In response to Paragraph 2, Defendant is without sufficient information to admit or deny the allegations contained therein.

3. In response to Paragraph 3, Defendant denies the allegations contained therein.

4. In response to Paragraph 4, Defendant is without sufficient information to admit or deny the allegations contained therein.

5. In response to Paragraph 5, Defendant is without sufficient information to admit or deny the allegations contained therein.

6. In response to Paragraph 6, Defendant is without sufficient information to admit or deny the allegations contained therein.

7. In response to Paragraph 7, Defendant is without sufficient information to admit or deny the allegations contained therein.

8. In response to Paragraph 8, Defendant is without sufficient information to admit or deny the allegations contained therein.

9. In response to Paragraph 9, Defendant is without sufficient information to admit or deny the allegations contained therein.

10. In response to Paragraph 10, Defendant is without sufficient information to admit or deny the allegations contained therein.

11. In response to Paragraph 11, Defendant is without sufficient information to admit or deny the allegations contained therein.

12. In response to Paragraph 12, Defendant admits he resides in California, but is without sufficient information to admit or deny the remaining allegations contained therein.

13. In response to Paragraph 13, Defendant admits the allegations contained therein.

14. In response to Paragraph 14, Defendant admits the allegations contained therein.

15. In response to Paragraph 15, Defendant is without sufficient information to admit or deny the allegations contained therein.

16. In response to Paragraph 16, Defendant is without sufficient information to admit or deny the allegations contained therein.

17. In response to Paragraph 17, Defendant is without sufficient information to admit or deny the allegations contained therein.

18. In response to Paragraph 18, Defendant is without sufficient information to admit or

deny the allegations contained therein.

19. In response to Paragraph 19, Defendant is without sufficient information to admit or deny the allegations contained therein.

20. In response to Paragraphs 20, 21, 22, 23 and 24, Defendant is without sufficient information to admit or deny the allegations contained therein.

21. In response to Paragraph 25, Defendant denies the allegations contained therein.

22. In response to Paragraph 26, Defendant is without sufficient information to admit or deny the allegations contained therein.

23. In response to Paragraphs 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, Defendant is without sufficient information to admit or deny the allegations contained therein.

24. In response to Paragraph 46, Defendant admits the allegations contained therein.

25. In response to Paragraph 47, Defendant denies the allegation he resigned, and is without sufficient information to admit or deny the remaining allegations contained therein.

26. In response to Paragraphs 48 and 49, Defendant is without sufficient information to admit or deny the allegations contained therein.

**FIRST CAUSE OF ACTION**

27. In response to the First Cause of Action, Paragraphs 50 to 57, Defendant realleges each and every paragraph (1 through 26) and incorporates them by reference as though fully set forth herein.

28. In response to the First Cause of Action, Paragraphs 51, 52, and 53, Defendant is without sufficient information to admit or deny the allegations contained therein.

29. In response to the First Cause of Action, Paragraph 54, Defendant denies the allegations contained therein.

30. In response to the First Cause of Action, Paragraph 55, Defendant denies that he "intentionally caused damage", and is without sufficient information to admit or deny the remaining allegations contained therein.

31. In response to the First Cause of Action, Paragraph 56, Defendant is without sufficient information to admit or deny the allegations contained therein.

32. In response to the First Cause of Action, Paragraph 57, Defendant denies the allegations contained therein.

**SECOND CAUSE OF ACTION**

33. In response to the Second Cause of Action, Paragraphs 58 to 65, Defendant realleges each and every paragraph (1 through 32) and incorporates them by reference as though fully set forth herein.

34. In response to the Second Cause of Action, Paragraphs 59, 60, 61, 62, and 63, Defendant is without sufficient information to admit or deny the allegations contained therein.

35. In response to the Second Cause of Action, Paragraph 64, Defendant denies the allegations contained therein.

36. In response to the Second Cause of Action, Paragraph 65, Defendant denies the allegations contained therein.

**THIRD CAUSE OF ACTION**

37. In response to the Third Cause of Action, Paragraphs 66 to 71, Defendant realleges each and every paragraph (1 through 36) and incorporates them by reference as though fully set forth herein.

38. In response to the Third Cause of Action, Paragraph 67, Defendant is without sufficient information to admit or deny the allegations contained therein.

39. In response to the Third Cause of Action, Paragraphs 68, 69, 70 and 71, Defendant denies the allegations contained therein.

**FOURTH CAUSE OF ACTION**

40. In response to the Fourth Cause of Action, Paragraphs 72 to 77, Defendant realleges each and every paragraph (1 through 39) and incorporates them by reference as though fully set forth herein.

41. In response to the Fourth Cause of Action, Paragraph 73, Defendant is without

sufficient information to admit or deny the allegations contained therein.

42. In response to the Fourth Cause of Action, Paragraph 74, Defendant denies the allegations contained therein.

43. In response to the Fourth Cause of Action, Paragraph 75, Defendant is without sufficient information to admit or deny the allegations contained therein.

44. In response to the Fourth Cause of Action, Paragraphs 76 and 77, Defendant denies the allegations contained therein.

**FIFTH CAUSE OF ACTION**

45. In response to the Fifth Cause of Action, Paragraphs 78 through 82, Defendant realleges each and every paragraph (1 through 44) and incorporates them by reference as though fully set forth herein.

46. In response to the Fifth Cause of Action, Paragraphs 79 and 80, Defendant is without sufficient information to admit or deny the allegations contained therein.

47. In response to the Fifth Cause of Action, Paragraph 81, Defendant is without sufficient information to admit or deny the allegations contained therein.

48. In response to the Fifth Cause of Action, Paragraph 82, Defendant denies the allegations contained therein.

**SIXTH CAUSE OF ACTION**

49. In response to the Sixth Cause of Action, Paragraphs 83 through 87, Defendant realleges each and every paragraph (1 through 48) and incorporates them by reference as though fully set forth herein.

50. In response to the Sixth Cause of Action, Paragraphs 84 and 85, Defendant is without sufficient information to admit or deny the allegations contained therein.

51. In response to the Sixth Cause of Action, Paragraphs 86 and 87, Defendant denies the allegations contained therein.

**SEVENTH CAUSE OF ACTION**

52. In response to the Seventh Cause of Action, Paragraphs 88 through 92, Defendant

realleges each and every paragraph (1 through 51) and incorporates them by reference as though fully set forth herein.

53. In response to the Seventh Cause of Action, Paragraph 89, Defendant denies the allegations contained therein.

54. In response to the Seventh Cause of Action, Paragraphs 90, 91, and 92, Defendant is without sufficient information to admit or deny the allegations contained therein.

**EIGHTH CAUSE OF ACTION**

55. In response to the Eighth Cause of Action, Paragraphs 93 through 97, Defendant realleges each and every paragraph (1 through 54) and incorporates them by reference as though fully set forth herein.

56. In response to the Eighth Cause of Action, Paragraph 94, Defendant is without sufficient information to admit or deny the allegations contained therein.

57. In response to the Eighth Cause of Action, Paragraph 95 and 96, Defendant is without sufficient information to admit or deny the allegations contained therein.

58. In response to the Eighth Cause of Action, Paragraph 97, Defendant denies the allegations contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (FAILURE TO STATE A CAUSE OF ACTION)

59. Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

### (STATUTE OF LIMITATIONS)

60. Plaintiff's claims are barred, in whole or in part, by the statute of limitations applicable thereto.

### THIRD AFFIRMATIVE DEFENSE

### (PLAINTIFF'S COMPARATIVE FAULT)

61. Defendant alleges that any damages sustained by Plaintiff, if any, were caused by acts or omissions of Plaintiff and any damages attributable to Defendant must be reduced or eliminated by Plaintiff's comparative fault.

**FOURTH AFFIRMATIVE DEFENSE**

**(FAILURE TO MITIGATE)**

62. Plaintiff failed to mitigate any alleged damages.

**FIFTH AFFIRMATIVE DEFENSE**

**(UNCLEAN HANDS)**

63. Plaintiff's Complaint is barred, in whole or in part, by the doctrine of unclean hands as a result of Plaintiff's conduct, representations, and/or omissions.

**SIXTH AFFIRMATIVE DEFENSE**

**(WAIVER)**

64. Plaintiff's Complaint is barred, in whole or in part, by the doctrine of waiver as a result of Plaintiff's conduct, representations, and/or omissions.

**SEVENTH AFFIRMATIVE DEFENSE**

**(ESTOPPEL)**

65. Plaintiff's Complaint is barred, in whole or in part, by the doctrine of estoppel as a result of Plaintiff's conduct, representations, and/or omissions.

**EIGHTH AFFIRMATIVE DEFENSE**

**(LACHES)**

66. Plaintiff's Complaint is barred, in whole or in part, by the doctrine of laches as a result of Plaintiff's conduct, representations, and/or omissions.

**NINTH AFFIRMATIVE DEFENSE**

**(WAIVER)**

67. Plaintiff's contract cause of action is barred, in whole or in part, due to Plaintiff's waiver or own breach.

**TENTH AFFIRMATIVE DEFENSE**

**(MISTAKE)**

68. Plaintiff's contract cause of action is barred, in whole or in part, due to Plaintiff's unilateral mistake of fact, bilateral mistake of fact, or good faith mistake of fact.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(DURESS, UNDUE INFLUENCE, FRAUD)**

69. Plaintiff's contract cause of action is barred, in whole or in part, due to Plaintiff's duress, economic duress, undue influence, and/or fraud.

**TWELFTH AFFIRMATIVE DEFENSE**

**(LACK OF MALICE, OPPRESSION OR INTENT)**

70. Defendant lacked the requisite intent with respect to the alleged matters stated in the Complaint and did not act with any specific malice, fraud, oppression or ill intent toward Plaintiff.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(PUBLIC INFORMATION; FAILURE TO KEEP INFORMATION SECRET)**

71. Plaintiff's alleged trade secrets were already in the public domain and/or Plaintiff did not take proper steps to keep the subject information secret.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(RESERVATION OF RIGHTS; AMBIGUITY OF CLAIMS)**

72. Plaintiff's Complaint is vague, ambiguous and conclusory. Consequently, Defendant reserves the right to amend and supplement the above-stated affirmative defenses, in addition to reserving the right to set forth additional defenses after they have been determined.

**PRAYER**

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff's Complaint be dismissed with prejudice;
2. The Plaintiff take nothing in this action;
3. That judgment be entered for Defendant, against Plaintiff;
4. That Defendant be awarded costs of suit incurred herein, in addition to attorneys' fees; and
5. For such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Defendant hereby requests a jury trial.

Dated: August 6, 2026

LAW OFFICE OF ANTHONY J. SPERBER

By: /s/ *Arthur J. Obolsky*
Arthur J. Obolsky
Anthony J. Sperber
Attorneys for Defendant Mitch Cohen